UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THEODORE GLORE,

            Petitioner,

v.

FEDERAL BUREAU OF PRISONS,

            Respondent.

Civil No. 11-1045 (JRT/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

In 1999, Petitioner was convicted in the United States District Court for the Eastern District of Wisconsin for selling and/or distributing a controlled substance – crack cocaine. Petitioner was sentenced to 276 months in federal prison, and he is

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. S Rule 1(b); <u>Mickelson v. United States</u>, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); <u>Rothstein v. Pavlick</u>, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

presently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal. In a decision dated June 28, 2000, the Seventh Circuit Court of Appeals rejected Petitioner's claims and dismissed his appeal. United States v. Glore, No. 99-3646 (7th Cir. 2000), 2000 WL 868596 (unpublished opinion).

Petitioner represents that he has never challenged his conviction or sentence in a motion to the trial court brought under 28 U.S.C. § 2255. (Petition, [Docket No. 1], p. 4, § 12.) However, the docket sheet from Petitioner's 1999 Wisconsin criminal case shows that he did file a § 2255 motion in May 2001, and the motion was denied a month later.[2] That docket sheet also shows that Petitioner has filed several other collateral challenges to his 1999 Wisconsin conviction and sentence during the past ten years, including a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582 that was filed just last year.

In the present case, Petitioner is attempting to challenge the sentence he received in his 1999 Wisconsin federal criminal case. His current petition presents two grounds for relief, which, repeated verbatim and in their entirety, are as follows:

> [1] "THE FEDERAL BUREAU OF PRISONS' ENFORCEMENT OF PETITIONER'S CAREER CRIMINAL SENTENCE VIOLATES PETITIONER'S CONSTITUTIONAL RIGHT TO LIBERTY. Petitioner is ineligible for the career criminal penalty based on his 1990 simple possession of 1.6 grams of cocaine conviction adjudication. See attachment (A) the criminal complaint of the 1990 offense determines the 1.6 grams of cocaine is a simple possession conviction, along with his

---

[2] The trial court docket sheet for Petitioner's 1999 Wisconsin federal criminal case is accessible to the Court by means of the Case Management – Electronic Case Filing system, ("CM/ECF"), that is maintained by the federal courts.

sentencing (A) results to a lesser offense than charged offense to receive the sentence of 3 years probation, 90 days drug rehabilitation, 4 months at the House of Corrections under work release, pay court costs, pay $1,000 fine, pay $150 lab costs plus $50 victim/witness surcharge."

[2] "THE FEDERAL BUREAU OF PRISONS' ENFORCEMENT OF PETITIONER'S CAREER CRIMINAL SENTENCE VIOLATES PETITIONER'S CONSTITUTIONAL RIGHT TO LIBERTY. Relying on Salinas v. United States, 547 US 188, 126 S.Ct. 1675, 164 L.Ed 2nd 364 (2006) judicial precedent undermines the validity of Petitioner's 1990 simple possession predicate for his career offender sentence constitutes he stands as someone who is being illegally imprisoned for a nonexistent offense. Petitioner is actually innocent of career criminal statute requirement under 4B1.1(a) [of the United State Sentencing Guidelines]."

(Petition, p. 3, § (9).)

For the reasons discussed below, the Court finds that Petitioner's current challenges to his Wisconsin federal criminal conviction and sentence cannot be brought in a § 2241 habeas corpus petition.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence

3

must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his sentence in his 1999 Wisconsin federal criminal case.  He claims that the trial court erroneously sentenced him a "career criminal," and his sentence should now be vacated.  Because Petitioner is directly challenging the validity of the sentence imposed by the trial court, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there.  Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief in the past.[3]  Any new request for § 2255

---

[3] As noted above, (see p. 2, supra), Petitioner represents that he has not

4

relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without prior approval by the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-approval order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the Petitioner has not obtained a pre-approval order from the Seventh Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

In addition, it clearly appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred by the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Moreover, it appears that Petitioner deliberately elected to bring his current

---

previously applied for relief under § 2255, but the docket sheet in his criminal case clearly shows that he did so in 2001. However, even if Petitioner did not file a previous § 2255 motion, he still would be barred from seeking relief under § 2255 at this late date, because the applicable statute of limitations has expired, (as discussed in the text hereafter).

claims in a § 2241 habeas corpus petition, because he knows he is barred from seeking relief under § 2255. Petitioner apparently believes that he is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his sentence in a § 2241 habeas proceeding, simply because he is not presently eligible for relief under § 2255, due to the restrictions on successive motions and the one-year statute of limitations. That reasoning, however, must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred");

United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his or her conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his direct appeal, or in a § 2255 motion. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims on direct appeal or in a § 2255 motion. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

Petitioner has attempted to overcome the § 2255 exclusive remedy rule by arguing that he is "actually innocent" of the sentence he received. That argument, however, is foreclosed by Abdullah. There, the Court of Appeals made it clear that an actual innocence argument, by itself, does not automatically invoke the § 2255 savings clause. An actual innocence argument can be raised in a § 2241 habeas petition only if the petitioner never had a prior opportunity to raise the argument. Abdullah, 392 F.3d at

960 ("§ 2255 was not inadequate or ineffective to raise Abdullah's claim because... regardless of his ability to demonstrate actual innocence, Abdullah did have an unobstructed opportunity to raise his claim").

Here, as in Abdullah, Petitioner had an opportunity to present his "actual innocence" arguments in his direct appeal, and in his § 2255 motion. As the Court of Appeals pointed out in Abdullah –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

The Court has not overlooked Petitioner's reference to Salinas v. United States, 547 U.S. 188 (2006), which was not handed down until long after Petitioner was convicted and sentenced, his case was decided on direct appeal, and his § 2255 motion was denied. However, Salinas does not change the analysis of Petitioner's current § 2241 habeas corpus petition, because that decision does not represent any new and previously unavailable legal rule. In Salinas, the Supreme Court simply cured an apparently inadvertent error in an unpublished decision by the Fifth Circuit Court of Appeals. The United States Solicitor General acknowledged the error, and the Supreme Court corrected it in a two-paragraph per curiam decision. Salinas did not overturn any existing legal rule or precedent, nor did Salinas establish any new legal rule that Petitioner could not have raised on direct appeal or in a § 2255 motion.

Thus, based on Abdullah, the Court finds that the savings clause is not applicable here for any of Petitioner's claims, including his proposed "actual innocence"

8

claims. Petitioner has had an adequate procedural opportunity to raise his current claims for relief, including his actual innocence claims based on Salinas, and he is therefore barred from bringing those claims in a § 2241 habeas corpus petition.

### III.  CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his sentence in his 1999 criminal case in the Eastern District of Wisconsin; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse his from § 2255's exclusive remedy rule; and (5) because Petitioner has already had an adequate procedural opportunity to present his current claims, (including his actual innocence claims), he cannot bring them in a § 2241 habeas corpus petition.  Thus, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated: April 27, 2011         s/ *Jeanne J. Graham*
                              JEANNE J. GRAHAM
                              United States Magistrate Judge

### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 13, 2011**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.