## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| THEODORE GLORE, | Civil No. 11-1045 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| FEDERAL BUREAU OF PRISONS, | |
| Defendant. | |

Theodore Glore, #04186-089, Unit B, Federal Correctional Institution, P.O. Box 1000, Sandstone, MN 55072, pro se.

Gregory G. Booker, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse. 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Theodore Glore brought this action against the Federal Bureau of Prisons ("BOP") as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Because challenges by prisoners in federal custody to the validity of their conviction or sentence must be brought under 28 U.S.C. § 2255, and because the "savings clause" of § 2255(e) does not apply, nor is it appropriate to construe the motion as having been originally brought under § 2255, the Court overrules Glore's objections, adopts the Report and Recommendation of Magistrate Judge Jeanne J. Graham, and denies the petition for a writ of habeas corpus.

## BACKGROUND

Glore was convicted in the United States District Court for the Eastern District of Wisconsin for selling and/or distributing a controlled substance, crack cocaine, in 1999. (*United States v. Glore*, No. 99-3646 (E.D. Wis.), Docket No. 29.)  He was sentenced to 276 months in federal prison, and is presently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.  (*Id.,* Docket No. 33.)   After his conviction and sentencing, Glore filed a direct appeal. (*Id.,* Docket No. 34.)  On June 28, 2000, the Seventh Circuit Court of Appeals rejected his claims and dismissed the appeal. *United States v. Glore*, No. 99-3646, 2000 WL 868596, at *3 (7th Cir. 2000).  In May 2001, Glore filed a petition pursuant to 28 U.S.C. § 2255 in the Eastern District of Wisconsin, (*United States v. Glore*, No. 99-3646 (E.D. Wis.), Docket No. 49), which was denied a month later (*Id.*, Docket No. 50).  The Wisconsin docket also shows that Glore has filed several other collateral challenges to his 1999 conviction, including a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582.  (*Id.,* Docket No. 79.)

In this case, Glore challenges his 1999 sentence on two grounds: (1) that the BOP's enforcement of his "career criminal sentence" violates his constitutional right to liberty because he is ineligible for the career criminal penalty; and (2) that the BOP's enforcement of his "career criminal sentence" violates his constitutional right to liberty based on *Salinas v. United States*, 547 U.S. 188 (2006), which "undermines the validity of [Glore's] 1990 simple possession predicate for his career offender sentence . . . ." (Pet. at 2-3, Docket No. 1.)   United States Magistrate Judge Jeanne J. Graham recommended that the Court summarily dismiss the petition for lack of jurisdiction, and

deny Glore's application for leave to proceed in forma pauperis.  (Docket No. 3.)  Glore filed timely objections.  (Docket No. 4.)

## ANALYSIS

### I.      STANDARD OF REVIEW

Because Glore is proceeding *pro se*, this Court must liberally construe his pleadings.  *See Haggy v. Solem*, 547 F.2d 1363, 1364 (8th Cir. 1977).  However, Rule 4 of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts ("Rules") states "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the prisoner."  Although the Rules are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); *Mickelson v. United States,* No. 01–1750, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002).  The Court reviews *de novo* Glore's objections to the Report and Recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. L.R. 72.2(b).

### II.     HABEAS CORPUS

Though Glore brought this case as a petition under 28 U.S.C. § 2241, a federal prisoner cannot challenge his incarceration under that statute except in limited circumstances.  Usually, a federal prisoner can only maintain a collateral challenge to his conviction or sentence by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) ("A petitioner who seeks to

challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective.") (citing *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)); *see also United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)). The only way for a federal prisoner to seek relief via a habeas petition under § 2241 instead of a motion under § 2255 is through § 2255's "savings clause" which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added). Thus, a district court "does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court 'unless it . . . appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality of [an inmate's] . . . detention.'" *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (alteration in original). A § 2255 motion is not inadequate or ineffective merely

> because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion . . . or because petitioner has allowed the one year statute of limitations and/or grace period to expire. . . . [T]he fact that [defendant] may not now utilize § 2255 [for procedural reasons] . . . does not automatically render § 2255 inadequate or ineffective.

*Lurie*, 207 F.3d at 1077 (citations omitted). Courts thus limit the use of § 2241 by prisoners in federal custody to cases in which the petitioner never had an unobstructed

procedural opportunity to raise the claim.  *See Abdullah*, 392 F.3d at 959; *see also id.* at 963 (holding that § 2255 was not ineffective or inadequate "where a petitioner had any opportunity to present his claim beforehand."); *Hill*, 349 F.3d at 1091 ("[I]n order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." (internal quotation marks omitted)).

Glore's petition and objections challenge the validity of his 1999 sentence.  He claims that the trial court erroneously sentenced him as a "career criminal" and the sentence should be vacated, an argument that he is "actually innocent" of the charge of being a career offender.  Because Glore is directly challenging the validity of the sentence imposed by the trial court, his habeas petition under § 2241 is barred by § 2255's exclusive remedy rule unless § 2255's savings clause applies.  The Court does not so find.

The Court finds that Glore had at least two unobstructed procedural opportunities to challenge the validity of his conviction and/or sentence: on direct appeal to the Circuit Court, and again through a motion under § 2255.  That the claims failed does not mean § 2255 was inadequate or ineffective.  Finding it to be so would allow a prisoner to bring a § 2241 claim upon **any** failure of a § 2255 claim, undercutting the utility of the savings clause.  Additionally, the expiration of the one-year statute of limitations does not render § 2255 ineffective or inadequate.  *See* 28 U.S.C. § 2255(f); *Hill*, 349 F.3d at 1091.  Thus, the savings clause does not apply to Glore's petition.

Although in some circumstances a court that finds a prisoner's habeas petition barred by the exclusive remedy rule and not subject to the savings clause can construe the

- 2 -

motion to have been brought under § 2255, this avenue is not available for Glore because he has previously sought relief under § 2255. (*United States v. Glore*, No. 99-3646 (E.D. Wis.), Docket No. 49.)  Once a prisoner has brought a motion under § 2255, subsequent challenges to the validity of the prisoner's conviction or sentence are treated as "second" or "successive" motions, which the Anti-terrorism and Effective Death Penalty Act ("AEDPA") prohibits without prior approval by the Court of Appeals in the circuit where the prisoner was convicted.  *See* 28 U.S.C. § 2244(b)(3) and 2255(h).  In order for the Court of Appeals to certify such a motion, it must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2); *see also Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court **must** dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." (emphasis in original)).  No new evidence has been offered, and Glore acknowledges in his petition that no new rule of constitutional law exists relevant to his case. (Pet. at 5.)  Because Glore has not obtained prior approval from the Seventh Circuit it would be inappropriate to construe the present petition as a § 2255 motion and attempt to transfer the matter to the court in which Glore was convicted and sentenced.

As in his petition, Glore's objections include reference to *Salinas*, arguing it corrects a misunderstanding allowing the career offender statute to be applied to innocent

defendants. *See Salinas*, 547 U.S. at 188. He suggests that his sentence enhancement was inappropriate because he had only one qualifying prior felony and his sentence enhancement was based on the nonexistent offense of being a career offender. Despite these objections, *Salinas* is a two-paragraph decision curing an apparently inadvertent error in an unpublished decision by the Fifth Circuit Court of Appeals. The substance of the error was that the Fifth Circuit concluded a petitioner's prior conviction for simple possession of a controlled substance constituted a "controlled substance offense" for purposes of the United States Sentencing Commission Guidelines. *Id.* However, a "controlled substance offense" is defined in pertinent part as "an offense under federal or state law . . . that prohibits . . . the possession of a controlled substance (or a counterfeit substance) **with intent to manufacture, import, export, distribute, or dispense**." *Id.* (omissions and emphasis in original) (quoting United States Sentencing Commission, Guidelines Manual § 4B1.2(b)). Thus, *Salinas* does not overturn any existing legal rule or precedent, or establish any new legal rule that Glore could have raised on direct appeal or in a § 2255 motion.

The Court finds that the savings clause is not applicable to any of Glore's claims as he had an adequate opportunity to raise his current claims for relief. Further, no new law exists overturning a relevant precedent, no new evidence has been proffered, and the Seventh Circuit has not certified this motion as an appropriate "second" or "successive" motion under § 2255. Thus, Glore is barred from bringing these claims under § 2241 and the Court denies his petition for lack of subject matter jurisdiction.

- 2 -

## ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 4] and **ADOPTS** the Report and Recommendation of Magistrate Judge [Docket No. 3]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

2. Petitioner's application for leave to proceed in forma pauperis [Docket No. 2] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 14, 2011                      ____s/ John R. Tunheim____
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                        United States District Judge